UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MORENO MASCI, a/k/a "John"

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                        08-CV-464S

CUSTOMS AND BORDER PROTECTION, et al.,

                Defendants.

## I. INTRODUCTION

Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint. Despite three separate Scheduling Orders directing Plaintiff to respond to Defendants' Motion, Plaintiff has failed to submit a response. In light of the foregoing, and for the reasons stated below, this case is dismissed with prejudice.

## II. BACKGROUND

Plaintiff commenced this action *pro se* on June 23, 2008, by filing a Complaint in this Court, naming the Customs and Border Protection, Buffalo Field Office, and James Engleman, Director Field Operations, as Defendants. (Docket No. 1.) On December 15, 2008, Defendants moved to dismiss Plaintiff's Complaint. (Docket No. 7.[1]) Thereafter, this Court issued a Scheduling Order, directing Plaintiff to submit a response to Defendants' Motion by January 23, 2009. (Docket No. 9.) Plaintiff, however, did not file a response by

---

[1] Defendants' Motion also seeks to dismiss Customs and Border Protection as a Defendant, and to substitute the United States of America as Defendant in place of James Engleman.

January 23, 2009.

On February 5, 2009, Defendants informed the Court that they mailed a copy of their Motion to Plaintiff at an incorrect mailing address. (Docket No. 10.) Defendants then stated that they re-mailed their Motion to Plaintiff at the correct address. (Id.) Consequently, this Court issued an Amended Scheduling Order, directing Plaintiff to respond to Defendants' Motion by March 13, 2009. (Docket No. 11.) Plaintiff did not submit a response by March 13, 2009.

This Court then issued another Scheduling Order on August 7, 2009. (Docket No. 12.) Therein, this Court directed Plaintiff to submit a response by September 8, 2009. (Id.) The Scheduling Order also warned Plaintiff that his failure to respond by September 8, 2009, may result in Defendants' Motion to Dismiss being granted as unopposed or dismissal of this case due to Plaintiff's failure to prosecute. (Id.) Plaintiff did not submit a response by September 8, 2009, nor has he done so to date.

### III. DISCUSSION

**A.    Dismissal under Rule 41(b) For Failure to Prosecute**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendants have not specifically moved for dismissal under Rule 41(b) — such as in this case — a court may nonetheless order dismissal *sua sponte*. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[2] Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is

---

[2] This authority is of ancient origins. Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

Here, Plaintiff is solely at fault for failing to prosecute. For approximately the past six months, Plaintiff's inaction has brought this case to a near standstill as he twice failed to respond to Defendants' Motion to Dismiss, and failed to take any action at all during this time. Six months is a failure of significant duration. See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2

(S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal); Peters-Turnbull v. Board of Educ. of the City of New York, No. 96-CV-4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss"). Because all delay in this case is attributable to Plaintiff, and is of significant duration, this factor weighs in favor of dismissal.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, there is no question that Plaintiff had adequate notice that his case could be dismissed as this Court's most recent Scheduling Order notified him that the Court was considering dismissal due to his failure to prosecute. See Nolan v. Primagency, Inc., No. 07-CV-134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr 16, 2008) (citing Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.")). Therefore, this factor weighs in favor of dismissal of his case.

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations

omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused this Court to prepare and file several scheduling orders, and has delayed this case for approximately six months. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

Nevertheless, Plaintiff has been afforded Due Process rights in that he has been provided ample opportunity to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court any sanction short of dismissal would be ineffective. See e.g., Smith v. Human Res. Admin. of New York City, No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

. . .

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply with Orders of this Court. As such, each of the factors relevant to the Rule 41(b) analysis favors dismissal.

## V. ORDERS

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 18, 2009
       Buffalo, New York

                                          <u>/s/William M. Skretny</u>
                                          WILLIAM M. SKRETNY
                                          United States District Judge